## ALFRED SKOLONIS
*vs.*
## TOWN OF BRANFORD, ET AL.

Superior Court        New Haven County        File No. 55974

## MEMORANDUM FILED MARCH 29, 1939.

*George C. Conway,* of New Haven, for the Plaintiff.

*Pond, Morgan & Morse,* of New Haven, for the Defendants.

SIMPSON, J.    If there is any action alleged against the defendant Town of Branford, it is stated in the second count. As the first count is made a part of the second count, the question arises as to whether or not a cause of action is stated against this defendant on the whole complaint.

In the second count as constituted it appears that the Town of Branford owned, maintained and supervised a certain hook and ladder fire truck for the use of the Branford Volunteer Fire Department; that the truck was maintained in an unsafe condition, in that the ladders thereon were improperly secured, there being no proper appliances to hold said ladders in place and no proper safety stops to prevent the ladders moving back and forth on said truck; that in such condition the truck was imminently dangerous and the use thereof unsafe and dangerous to persons lawfully using the same, wrongfully exposing such users to injury, and was at all times a nuisance.

The complaint further alleges that while the truck was being used upon a highway in the Town of Branford and being driven by the other defendant, it, through the negligence of the driver, came in collision with another vehicle, in consequence of which the plaintiff, who was riding on the truck as a

member of the fire department "was thrown violently against the seat of the truck, and the ladder on said truck moved forward suddenly, striking the plaintiff in the back, head and neck, causing him to be seriously injured."

While a municipality is exercising a governmental function in providing and maintaining a fire truck, and is not liable for mere negligence in so doing, when it maintains a truck in such a dangerous condition as to be an imminently dangerous instrumentality to those using it, and a nuisance, it has, it seems to the court, committed an act which takes it out of the pale of governmental immunity. Whether the truck was in such condition as to be an imminently dangerous instrumentality and a nuisance, is a question of fact for the jury.

The complaint also alleges with sufficient particularity, as stated above, that the condition of the truck was at least a proximate cause of the plaintiff's injuries.

The defendant also demurs on the ground that the plaintiff and the driver of the truck were engaged in a common enterprise and therefore the negligence of the driver is attributable to the plaintiff. As viewed by the court, the plaintiff and driver were not engaged in an enterprise for their own benefit or pleasure, but were engaged in performing necessary duties as members of the fire department. They stood in the relation of fellow employees, and the negligence of one would not be attributable to the other. The driver of the truck might be found liable for his negligence if the negligence was a proximate cause of the plaintiff's injuries and likewise the town liable for furnishing a dangerous instrumentality, if a proximate cause, or a contributing proximate cause of the plaintiff's injuries.

The complaint is, however, defective and insufficient in that it does not allege, at least with sufficient exactness, that the authorities of the town having to do with furnishing or providing a truck for the Volunteer Fire Department knew or should have known that the truck was an imminently dangerous instrumentality to those using it.

The demurrer on this ground is sustained.